The judgment of the court was pronounced by
Preston, J.
This is a possessory action, in which the plaintiff as administratrix of his estate alleges, that her late husband possessed as owner, until his death in September or October, 1847, the slaves she claimed. She alleges that the defendants obtained possession of the slaves without any right in November, 1847, and on the 29th of that month she instituted this suit to recover them. The defendants were not legally cited in this suit until the latter part of August,' 1848, although the slaves were sequestered immediately after the suit was instituted.
The defendants excepted that the plaintiff had no authority to institute this suit, on the ground that being a woman she could not be appointed an administratrix, which is a civil function, and relies upon the case of Cason v. Cabrara, administratrix, decided at the last term of this court. In that case, Cobrara was appointed administratrix of her brother’s succession, although under the disability prescribed by the 25th article of the Civil Code. In this case, the plaintiff was appointed administratrix of the succession of her deceased husband.
The 2d section of an act, approved the 28th of March, 1840, recognizes the appointment of the surviving partner in community as administratrix of the *690 estate of tlie deceased husband. See also the case of Ferrari v. Lambeth et al., 11 L. R. 108.
We think the actual possession of the husband continued in the surviving widow in community, and administratrix of his estate until an actual adverse possession took place. Davis v. Dale, 2 Ann. 205, 206. Ellis v. Prevost, 19 L. R. 254. 13 L. R. 230. 2 N. S. 20.
The bills of exception taken by the defendant are not tenable. Deeds are immaterial to the possessory action, especially if made subsequent to its commencement.
Parol proof of the letter of attorney from McDowell to HicJcs to take possession of the slaves, could not be received without an effort to obtain the document, nor of the existence of a petitory action by McDowell and Wife v. Sears, to recover the slaves, instead of a copy of the record. Moreover, both documents were immaterial in a possessory action. Conversations of McDowell and his counsel in relation to the suit and slaves could not be given in evidence against the plaintiff. We proceed, therefore, to examine the merits of the case.
On tho 25th of November, 1848, two of the defendants disclaimed the possession of the slaves. J. B. Wilson answered that he had been put into possession of the slaves by their legal owner that neither the plaintiff nor Daniel Sears> whose estate she represents, had the quiet, uninterrupted and peaceable possession of the slaves for the year preceding the institution of her suit and alleges that about three months before it was instituted Daniel Sears took the slaves out of the State of Louisiana, for the purpose of preventing the legal owner from getting the negroes, knowing that they had or were about to sue for them. He alleged that they belonged to Mary McDowell whose agent he was.
Boss proves that Daniel Sears possessed the slaves quietly as owner for two years before his death. Pie saw them in his possession at his house in Claiborne parish, in the spring or summer of 1847. Henderson knows that Sears possessed them as owner for several years before his death. He was at his house in February, 1847, at which time they were in his possession. Overton Boss knows that Sears had the slaves in possession for two years or more. He last saw them in his possession in the summer of 1847, in peach time. Bohertson heard Wilson and Sears talking of a compromise of their claims to the negroes in July, 1847; they did not effect it then, and agreed to meet next morning. Wilson got possession of the slaves, not from Sears, but from a man by the name of Hicks, in November, 1847, at the Mississippi river, and brought them to Bastrop.
This testimony, which is in no respect rebutted, fully proves that Daniel Sears was in the peaceable possession of the slaves for two years before the month of July, 1847, and, we must presume, until his death. His widow was appointed administratrix of his estate on the 5th day of November, 1847. The possession continued in her until an adverse possession was established. That took place in November, and she brought suit the same month. A legal citation was served upon the defendant in less than a year after this adverse possession took place.
The plaintiff is entitled to recover the possession of the slaves, and the value of their services until delivered up; for which 'the jury have made but a reasonable allowance, which is fully supported by the testimony of Boss and Davenport.
The judgment of the district court is affirmed, with costs.